# EXHIBIT O

# Estate of Leif Eikeseth

# VCF Documentation



September 11th
Victim Compensation Fund

August 17, 2020

MARY EIKESETH
17 DESERRE AVENUE PRIVATE HOME
STATEN ISLAND NY  10312

### Re: CLAIM NUMBER: VCF0141475

Dear MARY EIKESETH:

The September 11th Victim Compensation Fund ("VCF") has reviewed your claim for eligibility.  You submitted a claim form on behalf of LEIF EIKESETH.

**The Decision on your Claim**

The VCF has determined that the decedent has met the eligibility criteria established in the statute and regulations.  Based on the information you submitted and information the VCF has received from the World Trade Center ("WTC") Health Program, the decedent has been found eligible for the following injuries:

- MALIGNANT PRIMARY NEOPLASM UNSPECIFIED
- UNSPECIFIED MALIGNANT NEOPLASM SKIN UNSPECIFIED

Please note that there are several reasons why an injury that you think should be eligible is not listed above.  For non-traumatic injuries, the name of the injury is based on the information provided by the WTC Health Program and there may be different names for the same injury.  Additionally, your injury may not be listed if it was only recently certified for treatment by the WTC Health Program.

If in the future the WTC Health Program should notify you that a condition previously found eligible is no longer certified, you must inform the VCF as this may affect your eligibility status and/or the amount of your award.

**What Happens Next**

**If the decedent was certified for treatment by the WTC Health Program for a condition not listed above**, you should amend your claim.  Please see the VCF website for details on how to amend your claim.  The VCF will review the new information and determine if it provides the basis for a revised decision.

**If you believe the decedent had eligible injuries not treated by the WTC Health Program** and you would like the VCF to consider those injuries before calculating the amount of any compensation, you should amend your claim.  If you choose to amend your claim, you will need to use the VCF Private Physician process.  The Private Physician process is a way for the VCF to gather the required information about the decedent's treatment in order to process your claim.



September 11th
Victim Compensation Fund

All forms are available on the VCF website under "Forms and Resources."  The website also includes detailed information and instructions on the Private Physician process.

**If the decedent did not have injuries other than those listed above,** you should submit the compensation section of your claim form and the required supporting materials if you have not already done so.  If you have already submitted this information, you do not need to take any action at this time unless you receive a request from the VCF for missing information.  The VCF will calculate the amount of any compensation based on the conditions listed above after all compensation-related documents are submitted.

If you have questions about the information in this letter or the claims process in general, please call our toll-free Helpline at 1-855-885-1555.  Please have your claim number ready when you call: **VCF0141475**.  For the hearing impaired, please call 1-855-885-1558 (TDD).  If you are calling from outside the United States, please call 1-202-514-1100.

Sincerely,

Rupa Bhattacharyya
Special Master
September 11th Victim Compensation Fund

cc: WENDELL TONG

P.O. Box 34500, Washington, D.C. 20043
VCF0141475EL0817201B



September 11th
Victim Compensation Fund

January 27, 2021

MARY EIKESETH
C/O WENDELL TONG
SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO, PC
120 BROADWAY 18TH FLOOR
NEW YORK NY  10271

**Re: CLAIM NUMBER: VCF0141475**

Dear MARY EIKESETH:

The September 11th Victim Compensation Fund ("VCF") has reviewed your claim for compensation.  Your claim form was determined to be substantially complete on November 05, 2020.  This means your claim was deemed "filed" for purposes of section 405(b)(3) of the Statute on that date.

After reviewing the responses in your claim form, the documents you submitted in support of your claim, and information from third-party entities, the VCF has calculated the amount of your award as **$358,631.33**.  This determination is in accordance with the requirements of the Never Forget the Heroes: James Zadroga, Ray Pfeifer, and Luis Alvarez Permanent Authorization of the September 11th Victim Compensation Fund Act ("VCF Permanent Authorization Act").  The enclosed "Award Detail" includes a detailed explanation of the calculation and a list of the eligible conditions that were considered when calculating your award.

No non-routine legal service expenses are approved for reimbursement for this claim.

As the Personal Representative, you are required to distribute any payment received from the VCF on behalf of the victim to the eligible survivors or other recipients in accordance with the applicable state law or any applicable ruling made by a court of competent jurisdiction or as provided by the Special Master.

**What Happens Next**

The VCF will deem this award to be final and will begin processing the full payment on your claim unless you complete and return the enclosed Compensation Appeal Request Form within **30 days from the date of this letter** as explained below.  If you do not appeal, the Special Master will authorize the payment on your claim within 20 days of the end of the 30-day appeal period.  Once the Special Master has authorized the payment, it may take up to three weeks for the United States Treasury to disburse the money into the bank account designated on the VCF ACH Payment Information Form or other payment authorization document you submitted to the VCF.

- **Appealing the Award**: You may request a hearing before the Special Master or her designee if you believe the amount of your award was erroneously calculated, or if you



September 11th
Victim Compensation Fund

believe you can demonstrate extraordinary circumstances indicating that the calculation does not adequately address your loss.  **If you choose to appeal, your payment will not be processed until your hearing has been held and a decision has been rendered on your appeal**.

To appeal the award, you must complete two steps by the required deadlines:

1. Complete and return the enclosed **Compensation Appeal Request Form** within **30 days from the date of this letter**.  Follow the instructions on the form and upload it to your claim or mail it to the VCF by the required deadline.  If you do not submit your completed Compensation Appeal Request Form within 30 days of the date of this letter, *you will have waived your right to an appeal* and the VCF will begin processing any payment due on your claim.

2. Complete and submit your **Compensation Appeal Package** (Pre-Hearing Questionnaire, Compensation Explanation of Appeal, and all applicable supporting documents) no later than **60 days from the date of this letter**.  It is important that you carefully review the information enclosed with this letter and follow the instructions if you intend to appeal your award.  Additional instructions on the appeals process can be found on the VCF website under "Frequently Asked Questions" and in the Policies and Procedures available under "Forms and Resources."

Once your complete Compensation Appeal Package is submitted, the VCF will review the information to confirm you have a valid appeal, and will notify you of the next steps specific to your appeal and the scheduling of your hearing.

- **Notifying the VCF of new Collateral Source Payments**: You must inform the VCF of any new collateral source payments you receive, or become entitled to receive, such as a change to your disability or survivor benefits, as this may change the amount of your award.  If you notify the VCF within 90 days of learning of the new collateral source payment, your award will not be adjusted to reflect the new entitlement or payment.  If you notify the VCF more than 90 days after learning of the new or revised entitlement or payment, the VCF may adjust your award to reflect the new payment as an offset, which may result in a lower award.  If you need to notify the VCF of a new collateral source payment, please complete the "Collateral Offset Update Form" found under "Forms and Resources" on the www.vcf.gov website.

Your award was calculated using our published regulations, and I believe it is fair and reasonable under the requirements of the VCF Permanent Authorization Act.  As always, I emphasize that no amount of money can alleviate the losses suffered on September 11, 2001.

If you have any questions, please call our toll-free Helpline at 1-855-885-1555.  Please have your claim number ready when you call: **VCF0141475**.  For the hearing impaired, please call 1-855-885-1558 (TDD).  If you are calling from outside the United States, please call 1-202-514-1100.



September 11th
Victim Compensation Fund

Sincerely,

Rupa Bhattacharyya
Special Master
September 11th Victim Compensation Fund

cc: MARY EIKESETH



September 11th
Victim Compensation Fund

# Award Detail

Claim Number:       VCF0141475
Decedent Name:     LEIF EIKESETH

| PERSONAL INJURY CLAIM (Losses up to Date of Death) | |
|---|---|
| **Lost Earnings and Benefits** | |
| Loss of Earnings including Benefits and Pension | $0.00 |
| Mitigating or Residual Earnings | $0.00 |
| **Total Lost Earnings and Benefits** | $0.00 |
| | |
| **Offsets Applicable to Lost Earnings and Benefits** | |
| Disability Pension | $0.00 |
| Social Security Disability Benefits | $0.00 |
| Workers Compensation Disability Benefits | $0.00 |
| Disability Insurance | $0.00 |
| Other Offsets related to Earnings | $0.00 |
| **Total Offsets Applicable to Lost Earnings** | $0.00 |
| | |
| **Total Lost Earnings and Benefits Awarded** | $0.00 |
| | |
| **Other Economic Losses** | |
| Medical Expense Loss | $0.00 |
| Replacement Services | $0.00 |
| **Total Other Economic Losses** | $0.00 |
| | |
| **Total Economic Loss** | $0.00 |
| | |
| **Total Non-Economic Loss** | $300,000.00 |
| | |
| **Subtotal Award for Personal Injury Claim** | $300,000.00 |



September 11th
Victim Compensation Fund

| DECEASED CLAIM (Losses from Date of Death) | |
|---|---|
| **Loss of Earnings including Benefits and Pension** | |
| | |
| **Offsets Applicable to Lost Earnings and Benefits** | |
| Survivor Pension | |
| SSA Survivor Benefits | |
| Worker's Compensation Death Benefits | |
| Other Offsets related to Earnings | |
| **Total Offsets Applicable to Loss of Earnings and Benefits** | |
| | |
| **Total Lost Earnings and Benefits Awarded** | $0.00 |
| | |
| **Other Economic Losses** | |
| Replacement Services | $102,263.00 |
| Burial Costs | $11,911.00 |
| **Total Other Economic Losses** | $114,174.00 |
| | |
| **Total Economic Loss** | $114,174.00 |
| | |
| **Non-Economic Loss** | |
| Non-Economic Loss - Decedent | $250,000.00 |
| Non-Economic Loss - Spouse/Dependent(s) | $100,000.00 |
| **Total Non-Economic Loss** | $350,000.00 |
| | |
| **Additional Offsets** | |
| Social Security Death Benefits | ($255.00) |
| Life Insurance | ($405,287.67) |
| Other Offsets | $0.00 |
| **Total Additional Offsets** | ($405,542.67) |
| | |
| **Subtotal Award for Deceased Claim** | $58,631.33 |



September 11th
Victim Compensation Fund

| Subtotal of Personal Injury and Deceased Claims | $358,631.33 |
|---|---|
| PSOB Offset | $0.00 |
| Prior Lawsuit Settlement Offset | $0.00 |
| **TOTAL AWARD** | $358,631.33 |
| | |
| **Factors Underlying Economic Loss Calculation** | |
| Annual Earnings Basis (without benefits) | |
| Percentage of Disability attributed to Eligible Conditions - applicable to Personal Injury losses | |
| Start Date of Loss of Earnings Due to Disability - applicable to Personal Injury losses | |

| Eligible Conditions Considered in Award |
|---|
| Malignant Primary Neoplasm Unspecified |
| Unspecified Malignant Neoplasm Skin Unspecified |

# Family Member Affidavits

Mary Eikeseth

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

In Re:

TERRORIST ATTACKS ON                          03-MDL-1570  (GBD)(SN)
SEPTEMBER 11, 2001

------------------------------------------------------------- X    **AFFIDAVIT OF**
RAYMOND ALEXANDER, et al.,                         **MARY EIKESETH**


                                  Plaintiffs,      21-CV-03505 (GBD)(SN)

                    V.

ISLAMIC REPUBLIC OF IRAN,

                                  Defendant.
------------------------------------------------------------- X

STATE OF NEW YORK        )
                         : SS
COUNTY OF RICHMOND       )


        MARY EIKESETH, being duly sworn, deposes and says:

        1.      I am a plaintiff in the within action, am over 18 years of age, and reside at
17 Deserre Avenue, Staten Island, New York 10312.

        2.      I am currently 66 years old, having been born on April 22, 1957.

        3.      I am the wife of Decedent, Leif Eikeseth, upon whose death my claims are
based. I submit this Affidavit in support of the present motion for a default money
judgment for the claim made on behalf of my husband's estate and for my solatium
claim.  On June 20, 2019, I was issued Letters Testamentary as Executrix of my
husband's estate by the Richmond County Surrogate's Court

        4.      My husband passed away from lung cancer on March 15, 2019, at the age of 62.
It was medically determined that this illness was causally connected to his exposure to the toxins
resulting from the September 11, 2001, terrorist attacks at the World Trade Center.

5.      I was deeply in love with my deceased husband, Leif. We had a wonderful relationship and together we raised three wonderful daughters. Our daughters were involved in sports activities and excelled in both swimming and track. We would go to events together and cheer them on. We also vacationed together as a family.

6.      Leif worked for the MTA and travelled by bus to the WTC site with co-workers and was part of the clean-up crew at the site. Leif worked there for 11 days, helping to clean up the devastation caused by the attack.

7.      Leif complained of back pain for more than a week. He was scheduled to receive an epidural to relieve the pain. Unfortunately, when he went to the center they noticed after taking the EKG that he had Atrial Fibrillation. This resulted in Leif being sent to the emergency room. He was treated for a rapid heart rate, blood tests were performed, and he was given medication to control his arrhythmia. The results of the blood work indicated a high white cell blood count which could be a cancer indicator. Further testing was performed, and he was diagnosed with cancer which had also spread to his lungs. Also, his hip was fractured as the cancer spread to his bones. He was never able to walk again. He had constant pain and depression.

8.      Leif's passing created a huge void in my life, and I think of him daily. Trying to adjust to living alone and taking care of the house, which Leif had always done, created enormous stress in my life, at one point it was not emotionally bearable anymore. Unfortunately, Leif never got to enjoy his retirement or go to Costa Rica on vacation, which was planned for his retirement. He had so much to look forward to going. While in the hospital, my youngest daughter changed her wedding plans, as she wanted her dad to walk her down the aisle. The wedding was moved up as we thought Leif would be discharged from the hospital. He never got the chance to walk her down the aisle or see many of his grandchildren. How can you put in words the impact that losing your

soulmate has on your life. You think about what you will be missing and not sharing with him anymore; you think about what he is missing by being taken so soon; you think about a changed life forever that was not expected and shouldn't have happened. The grief never goes away, and you just keep reinventing ways of dealing with it each day.

Mary Eikeseth

MARY EIKESETH

Sworn before me this

20 day of September 2023

Notary public

SVETLANA GOUTNER
Notary Public - State of New York
NO. 01GO6361026
Qualified in Richmond County
My Commission Expires Jul 3, 2025

Eryka Eikeseth-Donahue

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

In Re:

TERRORIST ATTACKS ON                                    03-MDL-1570  (GBD)(SN)
SEPTEMBER 11, 2001

------------------------------------------------------------ X    **AFFIDAVIT OF**
RAYMOND ALEXANDER, et al.,                               **ERYKA EIKESETH-DONAHUE**


                                    Plaintiffs,          21-CV-03505  (GBD)(SN)


                        V.


ISLAMIC REPUBLIC OF IRAN,

                                    Defendant.
------------------------------------------------------------ X

STATE OF NEW JERSEY        )
                          : SS
COUNTY OF UNION            )


ERYKA EIKESETH-DONAHUE, being duly sworn, deposes and says:

1.      I am a plaintiff in the within action, am over 18 years of age, and reside at 8
Osage Drive, Cranford, New Jersey 07016.

2.      I am currently 35 years old, having been born on October 6, 1987.

3.      I am the daughter of Decedent, Leif Eikeseth, upon whose death my claim
is based, and submit this Affidavit in connection with the present motion for a default
judgment and in support of my solatium claim.

4.      My father passed away from lung cancer on March 15, 2019, at the age of 62. It
was medically determined that this illness was causally connected to his exposure to the toxins
resulting from the September 11, 2001, terrorist attacks at the World Trade Center.

5.      The decedent, Leif Eikeseth, was my father. His occupation was a bus mechanic for the New York City Transit Authority. My father was very involved. My sisters, Krystina, Dayna, and I were competitive swimmers growing up and my father took us to practices and competitions. We went on many family vacations and trips to amusement parks and beaches. We had a lot of great family memories. My father always put others before himself and made sure his family was taken care of. He was an amazing father and role model, and his presence is missed.

6.      On 9/11, my father Leif Eikeseth was working at the NYC Transit Depot in Brooklyn, he went to Ground Zero on 9/12 to assist with debris cleanup and worked on the pile with recovery efforts. He worked on the WTC Exposure Zone for 2 weeks. At the time he was at Ground Zero he was employed by the New York City Transit Authority.

7.      In December 2018/January 2019 my father was suffering from severe back pain and went to an orthopedic medical doctor and was scheduled to get injections for his pain. At the appointment, my father was noted to have a heart condition A-Fib and sent to Staten Island University Hospital. After further testing completed, revealed my father had a tumor on his hip and metastatic cancer to his spine and liver. The tumor on his hip had caused a hip fracture and he was unable to walk and needed surgery to remove the tumor. He was subsequently sent to Memorial Sloan Kettering for surgery for tumor removal. After surgery my father never fully recovered, he had to be intubated for breathing complications, unable to participate in therapy due to excruciating pain, developed pressure sores because he was bed bound, needed to be catheterized because he could not urinate on his own. The medical doctors at MSK were unable to treat his cancer because he was not stable. He was stuck in the hospital for months where he deteriorated physically and mentally. He ultimately passed away after months of pain and suffering

from a heart attack. Before his passing, he was confused and did not even recognize his family.

8.     My father's illness and death impacted me mentally, it was a traumatic experience watching your loved one suffer in that way. I had to go to therapy to deal with the trauma. My father has missed many events, like the births of his grandchildren.

*Eryka Eikeseth-Donahue*
ERYKA EIKESETH-DONAHUE

Sworn before me this

10   day of August 2023

Notary public

KATHERINE VOLQUEZ TAVAREZ
Notary Public - State of New Jersey
My Commission Expires Feb 22, 2026

# Krystina Eikeseth-Eysel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

In Re:

TERRORIST ATTACKS ON                           03-MDL-1570 (GBD)(SN)
SEPTEMBER 11, 2001

------------------------------------------------------------- X    **AFFIDAVIT OF KRYSTINA**
RAYMOND ALEXANDER, et al.,                           **EIKESETH-EYSEL**


                                    Plaintiffs,       21-CV-03505 (GBD)(SN)


                        V.

ISLAMIC REPUBLIC OF IRAN,

                                    Defendant.
------------------------------------------------------------- X

STATE OF NEW JERSEY    )
                       : SS
COUNTY OF MONMOUTH )


        KRYSTINA EIKESETH-EYSEL, being duly sworn, deposes and says:

        1.      I am a plaintiff in the within action, am over 18 years of age, and reside at
61 Pearl Street East, Middletown, New Jersey 07748.

        2.      I am currently 37 years old, having been born on August 02, 1985.

        3.      I am the daughter of Decedent, Leif Eikeseth, upon whose death my claim
is based, and submit this Affidavit in connection with the present motion for a default
judgment and in support of my solatium claim.

        4.      My father passed away from lung cancer on March 15, 2019, at the age of 62. It
was medically determined that this illness was causally connected to his exposure to the toxins
resulting from the September 11, 2001, terrorist attacks at the World Trade Center.

5.    My father worked as a bus mechanic for NYC transit authority. He was a very involved father; we did everything together. My sisters and I were competitive swimmers, and he would always take us to our practices and swimming competitions. I have very fund memories of my dad; he would always take my sisters and I to amusement parks, movies, beaches, and family vacations. My father was very selfless and always put others before himself and wanted to make sure his family was taken care of. He was a very involved and loving father, and his presence is missed.

6.    After 911, my father was there to help in any way. He was there on September 12, 2001, and assisted with debris cleanup and recovery. He was at the pile for 2 weeks. He was employed by the MTA NYC Transit Authority.

7.    The onset of his illness started with low back pain. He went to his orthopedist to receive steroid injections. However, he went into Rapid atrial fibrillation in the office and was immediately transferred to the hospital. In the hospital after receiving an MRI, he was found to have metastatic cancer in his back and right hip. He was then transferred to Memorial Solan Kettering hospital and had surgery on his hip. After his surgery, he was unable to walk, stand, urinate on his own and had difficulty breathing. He was bed bound and developed pressure ulcer. He was unable to ever receive treatment because he was too unstable. He was transferred to Kessler Rehab Center; however, he became confused while there the first week and was transferred to St. Barnabas Hospital Emergency Room. He was intubated and admitted to the ICU and had a heart attack. My father was in constant pain, bedbound and never left the hospital. He never had a chance to go home. My father died 2 months after finding out he had cancer.

8.    My father's death was very traumatic for my family and I. I still go to therapy and my sister almost died after the death of our dad. My father missed out on life and meeting his

grandchildren. He missed walking his youngest daughter down the aisle at her wedding and other major life events. He is missed dearly.

_Krysha Eysel_

KRYSTINA EIKESETH-EYSEL

Sworn before me this

31 day of Aug, 2023

Notary public

**HERMAN W REDD JR**
**NOTARY PUBLIC**
**STATE OF NEW JERSEY**
**MY COMMISSION EXPIRES OCTOBER 26, 2027**
**COMMISSION: #50204117**

# Dayna Eikeseth-Parker

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

In Re:

TERRORIST ATTACKS ON                                   03-MDL-1570 (GBD)(SN)
SEPTEMBER 11, 2001

-------------------------------------------------------------- X     **AFFIDAVIT OF**
RAYMOND ALEXANDER, et al.,                             **DAYNA EIKESETH-PARKER**



                                         Plaintiffs,        21-CV-03505 (GBD)(SN)

                    V.

ISLAMIC REPUBLIC OF IRAN,

                                         Defendant.
-------------------------------------------------------------- X

STATE OF NEW JERSEY     )
                        : SS
COUNTY OF MONMOUTH )


DAYNA EIKESETH-PARKER, being duly sworn, deposes and says:

1.      I am a plaintiff in the within action, am over 18 years of age, and reside at
476 Ferndale Place, Keyport, New Jersey 07735.

2.      I am currently 31 years old, having been born on May 02, 1992.

3.      I am the daughter of Decedent, Leif Eikeseth, upon whose death my claim
is based, and submit this Affidavit in connection with the present motion for a default
judgment and in support of my solatium claim.

4.      My father passed away from lung cancer on March 15, 2019, at the age of 62. It
was medically determined that this illness was causally connected to his exposure to the toxins
resulting from the September 11, 2001, terrorist attacks at the World Trade Center.

5.      My father was a bus mechanic for the NYC Transit Authority. He was a very loving and supportive father who took us to our sport activities (swimming and track). He was always there when you needed him. His presence is missed.

6.      My father went to ground zero on 9/12/2001 and helped with debris clean up and recovery on the pile for 2 weeks. He was employed by the MTA New York City Transit.

7.      My father complained of back pain and while at the Dr. he went into cardiac AFib. He was sent to the hospital and was found to have a broken hip and metastatic cancer. After hip surgery he was bedbound, unable to urinate on his own, unable to breathe and in terrible pain. He deteriorated physically and mentally.

8.      My father's illness caused me depression and an eating disorder. I was hospitalized the day after his funeral at RWJ Eating Disorder facility. I was hospitalized for 6 weeks with anorexia. I received therapy for 3 months after his passing.


_____
DAYNA EIKESETH-PARKER

Sworn before me this

17 day of AuG, 2023

_____
Notary public

MONMOUTH COUNTY, NJ


HERMAN REDD
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES FEBRUARY 25, 2027
COMMISSION: #50186599