UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03-MDL-1570 (GBD) (SN) <br> ECF Case |
|---|---|
| This document relates to: <br> *Alexander et al v. Islamic Republic of Iran* | Case No. 21-cv-03505 (GBD) (SN) <br> ECF Case |

**DECLARATION OF NICHOLAS PAPAIN IN SUPPORT OF
THE *ALEXANDER* PLAINTIFFS' MOTION FOR ORDER OF JUDGMENT**

Nicholas Papain, Esq., hereby states the following under the penalties of perjury:

1. I am a member of the firm of Sullivan Papain Block McManus Coffinas & Cannavo P.C., attorneys for the Plaintiffs in the above-captioned matter, *Alexander et al v. Islamic Republic of Iran* No. 21-cv-03505 (GBD) (SN), (the "*Alexander* Plaintiffs"), which is part of the above-captioned multidistrict litigation, *In re Terrorist Attacks on September 11, 2001* ("MDL").

2. I submit this declaration in support of the present motion for an Order of Partial Final Judgment by Default on liability against defendant, Islamic Republic of Iran ("Iran") and in favor of the *Alexander* Plaintiffs pursuant to 28 U.S.C. 1605A(c), and to award damages to the *Alexander* Plaintiffs in the amounts set forth in the simultaneously filed "[Proposed] Order of Partial Final Default Judgments on Behalf of the *Alexander* Plaintiffs Identified in Exhibits B and C" ("Proposed Order of Judgment"). [1]

3. The form of the present motion and the relief requested therein are intended to comply with the following orders of this Court:

    a. Order dated January 24, 2017 (ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has complied with the due diligence safeguards [referenced in Section

---

[1] Relief is not being sought, at this time, for the *Alexander* Plaintiffs who are not identified in the exhibits attached to the Proposed Order of Judgment, as they will be the subject of similar and/or other motions in the future.

1

        II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)." (For compliance with the required sworn declaration, please see below.)

    b. <u>Order dated October 28, 2019 (ECF No. 5234)</u> setting forth updated procedural rules.

    c. <u>Order dated July 11, 2022 (ECF No. 8198)</u> regarding name changes.[2]

4. The sources of information and the basis for my beliefs in the statements contained herein are: my personal involvement in this matter; my firm's representation of the *Alexander* Plaintiffs in connection with the September 11, 2001, terrorist attacks ("9/11 Terrorist Attacks"); my firm's work in connection with the 9/11 Terrorist Attacks; communications with the family members of the individuals killed as a direct result of the 9/11 Terrorist Attacks; the exhibits annexed hereto; court records relating to this MDL to which the *Alexander* Plaintiffs are parties; my firm's communications with counsel for other plaintiffs in this MDL, including Motley Rice LLC; and documents and records relating to this MDL. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

5. My firm was retained by the *Alexander* Plaintiffs to pursue the recovery of compensatory damages for the pain and suffering and wrongful death of the decedents identified in the exhibit attached to this declaration as Exhibit ("Ex.") A, and solatium damages for the *Alexander* Plaintiffs identified in the exhibit attached to this declaration as Ex. B, arising from the 9/11 Terrorist Attacks.[3]

---

[2] After the Complaint was filed, *Alexander* (solatium) Plaintiff Emily Flanagan legally changed her name to Emmett Flanagan. Proof of such is attached as part of Ex. Q to this declaration.

[3] The exhibits attached to this declaration as Ex. A and B are attached as Ex. B and C to the Proposed Order of Judgment. Unless otherwise stated, all references hereinafter to exhibits are to the exhibits attached to this declaration.

6. I have verified that Decedent, Gene Edward Maloy was killed in the 9/11 Terrorist Attacks ("9/11 Decedent Gene Maloy"), as noted in Ex. A.

7. I have verified that each of the other decedents identified in Ex. A developed a severe medical condition that was ultimately fatal ("Latent Injury Decedent") as a direct result of the 9/11 Terrorist Attacks ("9/11-Related Injury").

8. I have verified that each of the *Alexander* Plaintiffs identified in Ex. A as a personal representative, was appointed the personal representative of their decedent's estate by a court of competent jurisdiction.

9. I have verified that each of the *Alexander* decedents identified in Ex. A was a U.S. citizen on September 11, 2001, as specifically set forth therein.

10. I have verified that *Alexander* Plaintiff Margaret Randazzo-Maloy suffered solatium damages by reason of the death of her husband, 9/11 Decedent Gene Maloy.

11. Attached hereto as Ex. FF is the Certificate of Death for 9/11 Decedent Gene Maloy and the affidavit of Plaintiff Margaret Randazzo-Maloy, attesting to her solatium damages.

12. I have verified each of the other *Alexander* Plaintiffs identified in Ex. B is an immediate family member ("Surviving Family Member") of a Latent Injury Decedent, as specified therein, and that each such Surviving Family Member suffered solatium damages by reason of their Latent Injury Decedent's death from a 9/11-Related Injury.

13. I have verified that each of the *Alexander* Surviving Family Members identified in Ex. B, or their decedent, was a United States citizen on September 11, 2001, as specified therein.

14. Attached to this declaration as Ex. C is the regulatory authority setting forth the purpose of, and the eligibility criteria for compensation from, the September 11th Victim

3

Compensation Fund ("VCF"), which adjudicates claims for victims injured or killed "as a direct result" of the 9/11 Terrorist Attacks. 28 CFR §§ 104.1, 104.2.

15. I have verified that the VCF determined that each of the Latent Injury Decedents listed in Ex. A and B suffered a medical condition which ultimately killed them as a direct result of the 9/11 Terrorist Attacks (except for 9/11 Decedent Gene Maloy, who, as noted, was killed in the 9/11 Terrorist Attacks).

16. Attached hereto as Ex. D through EE and as Ex. GG through RR are the following documents regarding each of the Latent Injury Decedents identified in Ex. A: (i) VCF letter stating that such decedent was "found eligible" for the "injury" specified therein ("VCF Eligibility Determination Letter"), VCF Award letter and Award Detail confirming that such decedent received an award for both a "Personal Injury Claim" <u>and</u> a "Deceased Claim" (collectively, "VCF Documentation"); and (ii) Affidavit(s) from *Alexander* Surviving Family Members attesting that their Latent Injury Decedent died from the 9/11-Related Injury specified therein, that their decedent endured severe pain and suffering by reason of such injury, and that the Surviving Family Member suffered solatium damages by reason their decedent's death.[4]

17. Regarding the solatium claims of the Surviving Family Members of Latent Injury Decedents, attached hereto as Ex. SS is evidence that the VCF issues solatium-type damages, in

---

[4] Ex. D through EE and GG through RR are broken down by Latent Injury Decedent ("Estate of…"), with each exhibit containing a particular Decedent's VCF Documentation, and *Alexander* Plaintiff Affidavit(s) (a/k/a "Family Member Affidavits").

Decedents Joseph Battaglia (Ex. G), Stephen Johnson (Ex. Y), Charles Jones (Ex. Z) and Howard Katzman (Ex. AA) inadvertently state "you have been found eligible" instead of "decedent has been found eligible". The fact that it was an error is confirmed by the VCF Awards Detail, which, in each case, list Decedent's name and the claim number that is listed in the VCF Eligibility Determination Letter, and the "Conditions Considered in Award" are the same as those listed in the VCF Eligibility Determination Letter. Further, as to Decedents Battaglia, Jones and Katzman, included in Ex. G, Z and AA, respectively, are their Certificates of Death which link their VCF eligible condition to cause of death. As to Decedent Johnson, my firm has requested but has yet to receive the long form Certificate of Death and thus have included in Ex. Y the Cause of Death Summary and medical records, linking cause of death to his VCF eligible conditions, which were submitted to the VCF.

the form of "Non-Economic Losses", directly to certain immediate family members of a decedent, including latent injury decedents. Upon information and belief, such evidence was not part of the record before the Court when similar solatium claims were adjudicated.

18. I have complied with the due diligence safeguards referenced in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committees (ECF No. 3433) by verifying with information provided by the Plaintiffs' Executive Committee that none of the *Alexander* Plaintiffs have sought or been awarded any of the damages requested in the present motion for entry of partial final judgments, nor do any of them have a motion pending before this Court for compensation arising out of the 9/11 Terrorist Attacks.

19. The amount of damages set forth in Ex. A for 9/11 Decedent Maloy is consistent with the figure that this Court has previously determined appropriate as compensatory damages for the pain and suffering of other similarly situated decedents killed in the 9/11 Terrorist Attacks, specifically, a baseline of Two Million Dollars ($2,000,000.00). *See* R. & R. at 7-9, Jul.30, 2012, ECF No. 2618; R. & R. at 7-8, Oct. 12, 2016, ECF No. 3358.

20. The amount of damages set forth in Ex. A for the Latent Injury Decedents are consistent with the figures that this Court has previously determined appropriate as compensatory damages for the pain and suffering of other similarly situated latent injury decedents, specifically, a baseline of Seven Million Dollars ($7,000,000.00). *See* R. & R. at 9-12, Mar. 3, 2023, ECF No. 8901, *recommitted by* Mem. Decision and Order at 3, Mar. 13, 2023, ECF No. 8920; R. & R. at 3, Jul. 18, 2023, ECF No. 9216, *adopted by* Mem. Decision and Order at 3, Aug. 9, 2023, ECF No. 9274.[5]

21. The amount of damages set forth in Ex. A for the Latent Injury Decedents are also consistent with the figures that this Court has previously determined appropriate as compensatory

---

[5] Unless otherwise noted, all ECF numbers refer to the main MDL docket in *In re Terrorist Attacks on September 11, 2001*, No. 03-md-01570.

5

damages for pain and suffering for individuals injured in the 9/11 Terrorist Attacks, specifically, a baseline of Seven Million Dollars ($7,000,000.00). *See, e.g.,* R. & R. at 6, Feb. 7, 2020, ECF No. 5879, *adopted by* Mem. Decision and Order, Feb. 14, 2020, ECF No. 5946.

22. The amount of damages set forth in Exhibit B for plaintiff, Margaret Randazzo-Maloy, for her solatium losses caused by the death of her husband, 9/11 Decedent Gene Maloy, is consistent with the figure this Court has previously determined appropriate as solatium damages for a spouse of a decedent killed in the 9/11 Terrorist Attacks, specifically, Twelve Million Five-Hundred Thousand Dollars ($12,500,000.00). *See, e.g.,* R. & R. at 10-11, Jul. 30, 2012, ECF No. 2618; Order of Further Partial Judgment, June 16, 2016, ECF No. 3300; R. & R. at 9, Oct. 12, 2016, ECF No. 3358; R. & R. at 16, Oct. 14, 2016, ECF No. 3363; Order of Partial Final Default Judgments, Jul. 31, 2017, ECF No. 3666; Corrected Order of Partial Final Default Judgments, June 8, 2018, ECF No. 4023.

23. Regarding the amounts of damages set forth in Ex. B, the Court has previously dismissed claims for solatium damages sought by surviving family members of similarly situated latent injury decedents. *See* R. & R. at 14-16, Mar. 3, 2023, ECF No. 8901; *recommitted by* Mem. Decision and Order at 3, Mar. 13, 2023, ECF No. 8920; R. & R. at 3, Jul. 18, 2023, ECF No. 9216, *adopted by* Mem. Decision and Order at 4-5, Aug. 9, 2023, ECF No. 9274.

24. It is respectfully submitted that solatium damages should be awarded to the *Alexander* Surviving Family Members of Latent Injury Decedents for the reasons set forth in the accompanying Memorandum of Law at 21-24, which is simultaneously being filed herewith, and consistent with the figures this Court has previously determined appropriate as solatium losses based on the familial relationship to a decedent who was killed in the 9/11 Terrorist Attacks. *See, e.g.,* R. & R. at 10-11, Jul. 30, 2012, ECF No. 2618; Order of Further Partial Judgment, June 16,

2016, ECF No. 3300; R. & R. at 9, Oct. 12, 2016, ECF No. 3358; R. & R. at 16, Oct. 14, 2016, ECF No. 3363; Order of Partial Final Default Judgments, Jul. 31, 2017, ECF No. 3666; Corrected Order of Partial Final Default Judgments, June 8, 2018, ECF No. 4023.

25. The Proposed Order of Judgment conforms with this Court's previous orders, except as stated above regarding solatium awards for surviving family members of latent injury decedents. The Proposed Order of Judgment and the exhibits annexed thereto as Ex. B and C set forth the same amounts of damages as those set forth in the exhibits attached to this declaration as Ex. A and B, consistent with this Court's prior awards, except as stated above.

26. Accordingly, I respectfully request that this Court grant the *Alexander* Plaintiffs' present motion for entry of partial final judgments by default on liability and against Iran and award damages in the amounts set forth in the exhibits attached hereto as Ex. A and B, and enter the Proposed Order of Judgment.

Dated: May 7, 2024

Respectfully submitted,

*(signature)*

_____
Nicholas Papain, Esq.
Sullivan Papain Block McManus
Coffinas & Cannavo P.C.
120 Broadway, 27th Floor
New York, NY 10271
Phone: (212) 732-9000
COUNSEL FOR *ALEXANDER* PLAINTIFFS