# EXHIBIT S

# Estate of Kevin Hanlon

# VCF Documentation



March 18, 2019

GWENDOLYN HANLON

Dear GWENDOLYN HANLON:

The September 11th Victim Compensation Fund ("VCF") has reviewed your Eligibility Form. You submitted an Eligibility Form on behalf of KEVIN HANLON.  Your claim number is VCF0111329.  Your Eligibility Form was determined to be substantially complete on March 15, 2019.  As stated in the Regulations and on the claim form, by filing a substantially complete Eligibility Form, you have waived your right to file or be a party to a September 11th-related lawsuit on behalf of the decedent and his or her survivors.

### The Decision on your Claim

The VCF has determined that the decedent has met the eligibility criteria established in the statute and regulations.  Based on the information you submitted and information the VCF has received from the World Trade Center ("WTC") Health Program, the decedent has been found eligible for the following injuries:

- MALIGNANT NEOPLASM OF BRONCHUS AND LUNG WITH METASTASES

Please note that there are several reasons why an injury that you think should be eligible is not listed above.  For non-traumatic injuries, the name of the injury is based on the information provided by the WTC Health Program and there may be different names for the same injury. Additionally, your injury may not be listed if it was only recently certified for treatment by the WTC Health Program.

If in the future the WTC Health Program should notify you that a condition previously found eligible is no longer certified, you must inform the VCF as this may affect your eligibility status and/or the amount of your award.

### What Happens Next

**If the decedent was certified for treatment by the WTC Health Program for a condition not listed above**, you should amend your claim.  Please see the VCF website for details on how to amend your claim.  The VCF will review the new information and determine if it provides the basis for a revised decision.

**If you believe the decedent had eligible injuries not treated by the WTC Health Program** and you would like the VCF to consider those injuries before calculating the amount of any compensation, you should amend your claim.  If you choose to amend your claim, you will need to use the VCF Private Physician process.  The Private Physician process is a way for the VCF to gather the required information about the decedent's treatment in order to process your claim.



September 11th
Victim Compensation Fund

All forms are available on the VCF website under "Forms and Resources." The website also includes detailed information and instructions on the Private Physician process.

**If the decedent did not have injuries other than those listed above,** you should submit your Compensation Form and required supporting materials. If you have already submitted your Compensation Form, you do not need to take any action at this time unless you receive a request from the VCF for missing information. The VCF will calculate the amount of any compensation based on the conditions listed above after all compensation-related documents are submitted.

If you have questions about the information in this letter or the claims process in general, please call our toll-free Helpline at 1-855-885-1555. For the hearing impaired, please call 1-855-885-1558 (TDD). If you are calling from outside the United States, please call 1-202-514-1100.

Sincerely,

Rupa Bhattacharyya
Special Master
September 11th Victim Compensation Fund

cc: WENDELL TONG

 September 11th Victim Compensation Fund

March 11, 2020

GWENDOLYN HANLON

Dear GWENDOLYN HANLON:

The September 11th Victim Compensation Fund ("VCF") sent you a letter on December 19, 2019 notifying you of the amount of your award. Your claim number is VCF0111329.

You then appealed the determination. The VCF has considered your appeal and has re-evaluated your claim for compensation. This letter sets forth the revised award and supersedes and replaces all previous letters.

Based on the information you provided in support of your appeal, the VCF has calculated the amount of your award as ▬▬▬▬. This determination is in accordance with the requirements of the Never Forget the Heroes: James Zadroga, Ray Pfeifer, and Luis Alvarez Permanent Authorization of the September 11th Victim Compensation Fund Act ("VCF Permanent Authorization Act"). The enclosed "Award Detail" includes a detailed explanation of the calculation and a list of the eligible conditions that were considered when calculating your award. This is the final decision on your appeal.

We increased your replacement services award to add compensation for household services that we did not include in your previous award. You testified that Mr. Hanlon cooked, took care of your lawn, removed snow, and repaired your home. Based on this testimony, we added compensation for these tasks.

No non-routine legal service expenses are approved for reimbursement for this claim.

**What Happens Next**

You have already received a payment of ▬▬▬▬. You are now entitled to an additional payment of ▬▬▬▬. This amount is equal to the difference between your revised total award and the amount that has already been paid on your claim.

The VCF will begin processing your payment using the information you provided on the VCF ACH Payment Information Form or other payment authorization document you submitted to the VCF. The Special Master will authorize the payment on your claim within 20 days of the date of this letter. Once the Special Master has authorized the payment, it may take up to three weeks for the United States Treasury to disburse the money into the designated bank account. **If your payment information has changed, you must call the VCF Helpline immediately at the number below.**

**Amending your Claim**: You may amend your claim in the future if your circumstances change and you have new information to provide to the VCF that you believe warrants

P.O. Box 34500, Washington, D.C. 20043
VCF0111329AL0311201B


September 11th
Victim Compensation Fund

additional compensation.  The VCF website has important information about the specific circumstances when it is appropriate to request an amendment.  For more information and examples of such situations, please refer to "Section 5 – Amendments" in the VCF Policies and Procedures document available under "Forms and Resources" on the VCF website.  Please review the information carefully when deciding whether to amend your claim.  If you submit an amendment, the VCF will review the new information and determine if it provides the basis for a revised decision.

**Notifying the VCF of new Collateral Source Payments**: You must inform the VCF of any new collateral source payments you receive, or become entitled to receive, such as a change to your disability or survivor benefits, as this may change the amount of your award.  If you notify the VCF within 90 days of learning of the new collateral source payment, your award will not be adjusted to reflect the new entitlement or payment.  If you notify the VCF more than 90 days after learning of the new or revised entitlement or payment, the VCF may adjust your award to reflect the new payment as an offset, which may result in a lower award.  If you need to notify the VCF of a new collateral source payment, please complete the "Collateral Offset Update Form" found under "Forms and Resources" on the www.vcf.gov website.

Your award was calculated using our published regulations, and I believe it is fair and reasonable under the requirements of the VCF Permanent Authorization Act.  As always, I emphasize that no amount of money can alleviate the losses suffered on September 11, 2001.

If you have any questions, please call our toll-free Helpline at 1-855-885-1555.  For the hearing impaired, please call 1-855-885-1558 (TDD).  If you are calling from outside the United States, please call 1-202-514-1100.

Sincerely,

Rupa Bhattacharyya
Special Master
September 11th Victim Compensation Fund


cc: WENDELL TONG



# Award Detail

Claim Number: VCF0111329
Decedent Name: KEVIN HANLON

| PERSONAL INJURY CLAIM (Losses up to Date of Death) | |
|---|---|
| **Lost Earnings and Benefits** | |
| Loss of Earnings including Benefits and Pension | $0.00 |
| Mitigating or Residual Earnings | $0.00 |
| **Total Lost Earnings and Benefits** | $0.00 |
| | |
| **Offsets Applicable to Lost Earnings and Benefits** | |
| Disability Pension | $0.00 |
| Social Security Disability Benefits | $0.00 |
| Workers Compensation Disability Benefits | $0.00 |
| Disability Insurance | $0.00 |
| Other Offsets related to Earnings | $0.00 |
| **Total Offsets Applicable to Lost Earnings** | $0.00 |
| | |
| **Total Lost Earnings and Benefits Awarded** | $0.00 |
| | |
| **Other Economic Losses** | |
| Medical Expense Loss | $0.00 |
| Replacement Services | $0.00 |
| **Total Other Economic Losses** | $0.00 |
| | |
| **Total Economic Loss** | $0.00 |
| | |
| **Total Non-Economic Loss** | ▇▇▇ |
| | |
| **Subtotal Award for Personal Injury Claim** | ▇▇▇ |



September 11th
Victim Compensation Fund

| DECEASED CLAIM (Losses from Date of Death) | |
|---|---|
| **Loss of Earnings including Benefits and Pension** | ▉ |
| | |
| **Offsets Applicable to Lost Earnings and Benefits** | |
| Survivor Pension | $0.00 |
| SSA Survivor Benefits | ▉ |
| Worker's Compensation Death Benefits | $0.00 |
| Other Offsets related to Earnings | $0.00 |
| **Total Offsets Applicable to Loss of Earnings and Benefits** | ▉ |
| | |
| **Total Lost Earnings and Benefits Awarded** | ▉ |
| | |
| **Other Economic Losses** | |
| Replacement Services | ▉ |
| Burial Costs | ▉ |
| **Total Other Economic Losses** | ▉ |
| | |
| **Total Economic Loss** | ▉ |
| | |
| **Non-Economic Loss** | |
| Non-Economic Loss - Decedent | ▉ |
| Non-Economic Loss - Spouse/Dependent(s) | ▉ |
| **Total Non-Economic Loss** | ▉ |
| | |
| **Additional Offsets** | |
| Social Security Death Benefits | ▉ |
| Life Insurance | ▉ |
| Other Offsets | $0.00 |
| **Total Additional Offsets** | ▉ |
| | |
| **Subtotal Award for Deceased Claim** | ▉ |

P.O. Box 34500, Washington, D.C. 20043
VCF0111329AL0311201B



September 11th
Victim Compensation Fund

| Subtotal of Personal Injury and Deceased Claims | |
|---|---|
| PSOB Offset | $0.00 |
| Prior Lawsuit Settlement Offset | $0.00 |
| **TOTAL AWARD** | |
| | |
| **Factors Underlying Economic Loss Calculation** | |
| Annual Earnings Basis (without benefits) | |
| Percentage of Disability attributed to Eligible Conditions - applicable to Personal Injury losses | |
| Start Date of Loss of Earnings Due to Disability - applicable to Personal Injury losses | |

| Eligible Conditions Considered in Award |
|---|
| Malignant Neoplasm of Bronchus and Lung With Metastases |

# Family Member Affidavits

# Gwendolyn Hanlon

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

In Re:

TERRORIST ATTACKS ON                    03-MDL-1570 (GBD)(SN)
SEPTEMBER 11, 2001

---------------------------------------------------------------- X

RAYMOND ALEXANDER, et al.,              **AFFIDAVIT OF**
                                         **GWENDOLYN HANLON**

                    Plaintiffs,          21-CV-03505 (GBD)(SN)

        V.

ISLAMIC REPUBLIC OF IRAN,

                    Defendant.
---------------------------------------------------------------- X

STATE OF NEW YORK)
                 : SS
COUNTY OF MORRIS)

GWENDOLYN HANLON, being duly sworn, deposes and says:

1.  I am a plaintiff in the within action, am over 18 years of age, and reside at ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

2.  I am currently 44 years old, having been born on ▇▇▇▇▇▇▇▇▇▇

3.  I am the wife of Decedent, Kevin Hanlon, upon whose death my claims are based. I submit this Affidavit in support of the present motion for a default money judgment for the claim made on behalf of my husband's estate and for my solatium claim. On October 5, 2017, I was issued Letters of Administration as Administrator of my husband's estate by the Morris County Surrogate's Court.

4.  My husband passed away from Non-Small Cell Lung Cancer on August 25, 2017, at the age of 47. It was medically determined that this illness was causally connected to his exposure to the toxins resulting from the September 11, 2001, terrorist attacks at the World Trade Center.

5. Kevin was my husband of 11 years. We were together for 14 years. We were building a happy life together. We had two young children at the time of his diagnosis and death. They were 9 and 5 years old at the time. We did everything together as a family. Kevin was a hands-on father. He spent weekday evenings caring for his children. He took them to sports, activities and family functions. He was active in our church and community.

6. Kevin was a bond broker employed by Paine Webber. Kevin spent a considerable amount of time in the Ground Zero area. Kevin continued with business in the WTC area immediately post 9/11. He had business meetings continuously after 9/11. He was employed in finance as a mortgage bank security broker. His clients and peers worked in the area, and he needed to be there frequently. He was constantly meeting, interviewing, and entertaining in the south of canal area and had extensive exposure to the NYC exposure area. He passed away on August 25, 2017, at the age of 47.

7. Kevin only lived for 10 months after being diagnosed with lung cancer. He never smoked, was young, active and was shell shocked when the diagnosis came in for late-stage lung cancer. His treatment was aggressive and time consuming. Chemo days meant 15-hour sessions in New York City. Kevin was anxious and stressed. Kevin was in constant pain. He required back surgery because the cancer was attacking his spinal cord. Kevin was prone to infection after the chemo. He contracted legionnaires disease due to his compromised immune system. He was placed on a ventilator, feeding tube, had a tracheotomy, was placed in a medically induced coma that he would never wake up from. He was in agony and pain while in ICU. His blood pressure would elevate to dangerously high levels when the doctors tried to bring him off the ventilator. He was in ICU for 5 weeks and ultimately died there after so much damage to his lungs.

8. Kevin's illness and death has left me in therapy for the past 6 years. I was treated for

severe acute depression and anxiety from watching him suffer and ultimately passing away. I suffer from acute grief and anxiety to this day. My children suffer from separation anxiety. They also have been in therapy. The expenses for therapy are tremendous. Our family went from a two-income household to a one income household. The loss of these financial contributions is difficult, but the pain and grief from losing a husband and father are unmeasurable. He was a hands-on father. He helped with schoolwork and childcare. Kevin was able to be home before me after work. Without that option, childcare and household help expenses have increased. All of that now needs to be provided by me alone. It is hard to balance both children's needs as a single parent. Kevin loved working on our home and property now that help needs to be outsourced.

GWENDOLYN HANLON

Sworn before me this
28th day of September, 2023

Notary public

MATTHEW C. AMICK
NOTARY PUBLIC OF NEW JERSEY
COMMISSION EXPIRES NOVEMBER 2, 2026
COMMISSION #50176822