# EXHIBIT W

# Estate of Donna Hersh

# VCF Documentation


September 11th
Victim Compensation Fund

January 14, 2015

JOHN DIMOR
C/O BETH JABLON
SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO, PC
120 BROADWAY
18TH FLOOR
NEW YORK NY 10271

Dear John Dimor:

Your Eligibility Form for the September 11th Victim Compensation Fund ("VCF") has been reviewed. You submitted an Eligibility Form on behalf of DONNA HERSH. Your claim number is VCF0070500. The Claims Evaluator determined that your Eligibility Form was substantially complete on January 14, 2015. As stated in the Regulations and on the Eligibility Form, by filing a substantially complete Eligibility Form, the right to file or be a party to a September 11th-related lawsuit on behalf of the decedent and his or her survivors has been waived.[1] For more information about this topic, please review Frequently Asked Questions ("FAQs") #7.1 - #7.4 on the www.vcf.gov website.

## The Decision on your Claim

The VCF has determined that the decedent meets the eligibility criteria established in the statute and regulations and that you meet the requirements as the Personal Representative of the decedent. Based on the information you submitted and information the VCF has received from the World Trade Center ("WTC") Health Program, the decedent has been found eligible for the following injuries:

- METASTATIC LUNG CANCER

Please note that there are several reasons why an injury that you think should be eligible is not listed above. For non-traumatic injuries, the name of the injury is based on the information provided by the WTC Health Program and there may be different names for the same injury. Additionally, the injury may not be listed if it was only recently certified for treatment by the WTC Health Program.

## What Happens Next

**If the decedent was certified for treatment by the WTC Health Program for a condition not listed above**, you should amend your claim. Please see the VCF website for details on how to amend your claim. The VCF will contact the WTC Health Program to confirm the condition is eligible.

---

[1] The Statute (the Air Transportation Safety and System Stabilization Act as amended by the Zadroga Act) and the Regulations are located at http://www.vcf.gov/genProgramInfo.html.

P.O. Box 34500, Washington, D.C. 20043
VCF0070500EL0114151C



September 11th
Victim Compensation Fund

**If you believe the decedent had eligible injuries not treated by the WTC Health Program** and you would like the VCF to consider those injuries before calculating the amount of any compensation, you should amend your claim. If you choose to amend your claim, you will need to use the VCF Private Physician process. The Private Physician process is a way for the VCF to gather the required information about the decedent's treatment in order to process your claim. All forms are available on the VCF website under "Forms and Resources." The website also includes detailed information and instructions on the Private Physician process

**If the decedent did not have injuries other than those listed above,** you should submit your Compensation Form and required supporting materials. If you have already submitted your Compensation Form, you do not need to take any action at this time. The VCF will calculate the amount of any compensation based on the conditions listed above after all compensation-related documents are submitted.

**Please remember all information and materials must be submitted to the VCF by October 3, 2016.**

If you have questions about the information in this letter or the claims process in general, please call our toll-free Helpline at 1-855-885-1555. For the hearing impaired, please call 1-855-885-1558 (TDD). If you are calling from outside the United States, please call 1-202-514-1100. Every effort will be made to respond to your inquiries as soon as possible.

Sincerely,

Sheila L. Birnbaum
Special Master
September 11th Victim Compensation Fund


September 11th
Victim Compensation Fund

July 27, 2017

JOHN DIMOR
███████████████
███████████████

Dear JOHN DIMOR:

The September 11th Victim Compensation Fund ("VCF") has reviewed your claim for compensation. Your claim number is VCF0070500. Your Compensation Form was determined to be substantially complete on May 23, 2017. This means your claim was deemed "filed" for purposes of section 405(b)(3) of the Statute on that date.

Based on the information you submitted, the VCF has calculated the amount of your eligible loss as ███████████. This determination is in accordance with the requirements of the Reauthorized Zadroga Act and is comprised of the components shown in the table below. The enclosed "Loss Calculation Detail" includes a more detailed explanation of the calculation and a list of the eligible conditions included in this determination.

| | |
|---|---|
| Economic Loss | ███ |
| Non-Economic Loss | ███ |
| Collateral Offsets (deducted from calculated loss) | ███ |
| **Total Loss Calculation** | ███ |

Replacement services are not included in the award because you did not provide evidence regarding the services you had to replace, such as a statement or other evidence regarding the services Ms. Hersh performed before she became disabled by her eligible condition. Your business losses are not included in the award because there is insufficient evidence to link them to Ms. Hersh's eligible condition. If you have additional information to submit, please see the section below for important information on how to amend your claim and the timing for submitting an amendment.

No non-routine legal service expenses are approved for reimbursement for this claim.

As the Personal Representative, you are required to distribute any payment received from the VCF on behalf of the victim to the eligible survivors or other recipients in accordance with the applicable state law or any applicable ruling made by a court of competent jurisdiction or as provided by the Special Master.

**What Happens Next**

The VCF will deem this award to be final and will begin processing the payment on your claim unless you complete and return the enclosed Compensation Appeal Request Form within **30 days from the date of this letter** as explained below. If you do not appeal, the Special Master will authorize the payment on your claim within 20 days of the end of the 30-day appeal period. Once the Special Master has authorized the payment, it may take up to



September 11th
Victim Compensation Fund

three weeks for the United States Treasury to disburse the money into the bank account designated on the VCF ACH Payment Information Form or other payment authorization document you submitted to the VCF.

- **Appealing the Award**: You may request a hearing before the Special Master or her designee if you believe the amount of your loss was erroneously calculated or if you believe you can demonstrate extraordinary circumstances indicating that the calculation does not adequately address your claim. **If you choose to appeal, your payment will not be processed until your appeal has been decided**.

To request a hearing, you must complete and return the enclosed Compensation Appeal Request Form **and** Pre-Hearing Questionnaire no later than **30 calendar days** from the date of this letter. The VCF will notify you in writing of your scheduled hearing date and time and will provide additional instructions to prepare for your hearing. If both forms are not submitted with complete information within 30 days, you have waived your right to appeal and we will begin processing your payment.

- **Amending your Claim**: You may amend your claim in the future if your circumstances change and you have new information to provide to the VCF. For example, you may amend if the WTC Health Program certifies additional physical conditions for treatment, if you have information in support of your claim that was not submitted to the VCF when your loss amount was determined and that you believe would affect the amount of your calculated loss, or if you have incurred additional economic loss due to an eligible condition. The VCF will review the new information and determine if it provides the basis for a revised decision. Please see the VCF website for additional details on how to amend your claim and the specific circumstances that may be appropriate to request an amendment.

- **Notifying the VCF of new Collateral Source Payments**: You must inform the VCF of any new collateral source payments you receive, or become entitled to receive, such as a change to your disability or survivor benefits, as this may change the amount of your award. If you notify the VCF within 90 days of learning of the new collateral source payment, your award will not be adjusted to reflect the new entitlement or payment. If you notify the VCF more than 90 days after learning of the new or revised entitlement or payment, the VCF may adjust your award to reflect the new payment as an offset, which may result in a lower award. If you need to notify the VCF of a new collateral source payment, please complete the "Collateral Offset Update Form" found under "Forms and Resources" on the www.vcf.gov website.

Your claim was calculated using our published regulations, and I believe it is fair and reasonable under the requirements of the Reauthorized Zadroga Act. As always, I emphasize that no amount of money can alleviate the losses suffered on September 11, 2001.



If you have any questions, please call our toll-free Helpline at 1-855-885-1555.  For the hearing impaired, please call 1-855-885-1558 (TDD).  If you are calling from outside the United States, please call 1-202-514-1100.

Sincerely,

Rupa Bhattacharyya
Special Master
September 11th Victim Compensation Fund

cc: WENDELL TONG



September 11th
Victim Compensation Fund

# Loss Calculation Detail

Claim Number: VCF0070500
Victim Name: Donna Hersh

| | AWARD AMOUNTS |
|---|---|
| **PERSONAL INJURY CLAIM (losses up to Date of Death)** | |
| **Total Economic Loss for Personal Injury Claim** | ▮ |
|    Loss of Earnings (including Benefits and Pension) | ▮ |
|    Medical Expense Loss | |
|    Replacement Services | |
|    Mitigating/Residual Earnings | |
| **Total Non-Economic Loss for Personal Injury Claim** | ▮ |
| **Total Offsets for Personal Injury Claim** | ▮ |
|    Disability Pension | |
|    Social Security Disability Benefits | ▮ |
|    Workers Compensation Disability Benefits | |
|    Disability Insurance | ▮ |
|    PSOB Disability Benefit | |
|    Other Offsets related to Personal Injury claim | ▮ |
| | ▮ |
| **Subtotal Award for Personal Injury Claim** | ▮ |
| **DECEASED CLAIM (losses from Date of Death)** | |
| **Total Economic Loss for Deceased Claim** | ▮ |
|    Loss of Earnings (including Benefits and Pension) | ▮ |
|    Replacement Services | |
|    Burial Costs | ▮ |
| **Total Non-Economic Loss for Deceased Claim** | ▮ |
| Non-Economic Loss - Decedent | ▮ |
| Non-Economic Loss – Dependent(s) | ▮ |
| **Total Offsets for Deceased Claim** | ▮ |
|    Disability Pension to Survivor | |
|    Social Security Survivor/Death Benefits | ▮ |
|    Workers Compensation Death Benefits | |
|    Life Insurance | ▮ |
|    PSOB Death Benefit | |
|    Other Offsets related to Deceased claim | |
| **Subtotal Award for Deceased Claim** | ▮ |
| **Subtotal of Personal Injury and Deceased Claims** | ▮ |
|    Prior Lawsuit Settlement Offset | |
|    Prior Personal Injury Claim Determination | |
| **TOTAL AWARD** | ▮ |



| Factors Underlying Economic Loss Calculation | |
|---|---|
| Annual Earnings Basis (without benefits) | ▉ |
| Percentage of Disability attributed to Eligible Conditions – *applicable to Personal Injury claim* | 100% |
| Start Date of Loss of Earnings due to Disability – *applicable to Personal Injury claim* | 2/6/2009 |

| Eligible Conditions Considered in Loss Calculation |
|---|
| Metastatic Lung Cancer |

# Family Member Affidavits

# John Dimor

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

In Re:

TERRORIST ATTACKS ON                                   03-MDL-1570 (GBD)(SN)
SEPTEMBER 11, 2001

----------------------------------------------------------------X   **AFFIDAVIT OF**
RAYMOND ALEXANDER, et al.,                             **JOHN DIMOR**

                               Plaintiffs,              21-CV-03505 (GBD)(SN)

       V.

ISLAMIC REPUBLIC OF IRAN,

                               Defendant.
----------------------------------------------------------------X

STATE OF NEW YORK    )
                              : SS
COUNTY OF NEW YORK )

      JOHN DIMOR, being duly sworn, deposes and says:

    1.    I am a plaintiff in the within action, am over 18 years of age, and reside at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

    2.    I am currently 74 years old, having been born on ▓▓▓▓▓▓▓▓▓▓

    3.    I am the husband of Decedent, Donna Hersh, upon whose death my claims are based. I submit this Affidavit in support of the present motion for a default money judgment for the claim made on behalf of my wife's estate and for my solatium claim. On September 13, 2011, I was issued Letters Testamentary as Executor of my wife's estate by the New York County Surrogate's Court.

    4.    My wife passed away from lung cancer on August 8, 2011, at the age of 59 years old. It was medically determined that this illness was causally connected to her exposure to the toxins resulting from the September 11, 2001, terrorist attacks at the World Trade Center.

5. My wife, Donna Hersh and I, were married for 28 years. Prior to our marriage on May 15, 1983, we had dated and lived together for five years. When I first met Donna, she was an art director in the medical/healthcare advertising business. Over time, her talents, skills, and drive, allowed her to rise to the level of creative director where she would manage many team members and worked on national pharmaceutical brands. Our life together was largely work centric, because advertising is intense and draining. We found that our time together, cooking, watching movies, just sitting at home together and talking, would strip away the harshness of work and fill us with joy. Additionally, we took great joy in travelling and vacationing. Our special places were islands in the Caribbean where we just found the power of love and connection. Sitting on beach holding hands and swimming together, were things we did that reinforced what we meant to each other. We also found joy in visiting Europe. Of particular note was dining together in Italy, or visiting museums in Paris. Those singular memories are pieces of the larger memory of Donna and my loss.

6. On the morning of 9/11, Donna left for work on Park Ave South and 22nd Street. As she was getting into a cab, she saw the first plane AA Flight 11, strike the North Tower. She took the cab to work. As the day unfolded and the events became apparent to all, her office closed. She was VP, Creative Director at Healthcare Dialog, Inc. Without transportation, she walked south. She got to Canal Street where the NYPD were not allowing anyone to enter. When an officer turned away, she ducked under the barricades and ran to our home. From that day, we remained in Tribeca. The power went out in our apartment for three days. During that time we found a hotel room at the Tribeca Grand Hotel (now The Roxy) which is below Canal Street. We did not leave Tribeca and our home which is six blocks north of the smoldering pile of debris.

7.      In January of 2009, Donna received the diagnosis of Stage IV Lung Cancer. There were two tumors on her lungs and the cancer cells had migrated to her brain where there was a tumor. The tumors in the lungs could not be resected. The tumor in the brain was resected. Following the removal of the brain tumor, she began radiation to manage the potential for additional tumors. She suffered debilitating exhaustion and profound hair loss. Once radiation treatments were complete, she began her first round of chemotherapy. That first round was responsible for nausea and vomiting as well as exhaustion. That first round slowed the tumor growth. Nine months later, the tumors had grown again and another round of chemo would begin, having the same effects of exhaustion and gastro effects. Finally, in June of 2011, the tumors had grown again. It was determined to try one more round of chemo. Shortly after beginning this third round, it was determined that it was having no effect. She developed pleural effusion (fluid in the chest cavity). Donna was hospitalized to have it drained. They attempted to drain it twice. It did not work. Within a few days, she was admitted to hospice.

8.      When Donna was diagnosed in January of 2009, I realized that we only had each other and no family. I began the process of closing my business, The BioContinuum Group, which I opened in 1993. I realized and accepted that I was needed, and I wanted to be Donna's caregiver for how ever long her life was going to be. I broke my lease which cost me $10,000 and gave away all my office equipment and furniture. I found a desk to rent in an incubator near our home and began to look for part-time consulting work. From January of 2009 until August of 2011, when Donna died and beyond that date, I was with Donna for every medical appointment. I cooked for her and cared for her. I was her only caregiver and provider of activities that took her mind off her forth coming death. Though I was focused on providing care, love, and support, I was suffering with anticipatory grief. I needed to focus on Donna and not myself, but not caring for myself left

me in dep pain and regret that I have taken time to come to terms with.

_____
JOHN DIMOR

Sworn before me this

_18_ day of _August_ 2023

_____
Notary public

OSMAR CEDENO
Notary Public - State of New York
NO. 01CE6443611
Qualified in Kings County
My Commission Expires Nov 7, 2026